```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
COLLEEN AND JOHN AUSTIN,

                        Plaintiff,            14-CV-6320

             v.                                **DECISION
                                               and ORDER**
TOWN OF FARMINGTON,

                        Defendants.
_____
```

## INTRODUCTION

Plaintiffs Colleen and John Austin ("plaintiffs") commenced this action for declaratory and injunctive relief against defendant Town of Farmington ("defendant") alleging discrimination in granting a variance which permits the installation of an above-ground pool with protective fencing on the basis of their son's disability which they claim contains the onerous requirement that the pool along with the protective fence are required to be removed upon the sale of their home or when their disabled son is no longer in residence. This requirement of removal, they claim, violates the reasonable modifications requirement to be made under these circumstances as provided by the Federal Fair Housing Act ("FHA"), Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601 et seq.

Before the Court are defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and plaintiffs' cross motion for summary judgment. For the reasons set forth below, the Court denies plaintiffs' motion for summary judgment and grants defendant's motion to dismiss the complaint in its entirety.

## BACKGROUND

Unless otherwise noted, the following facts are taken from plaintiffs' complaint and the documents incorporated therein which the parties relied upon in their submissions.

Plaintiffs, a married couple with two children, moved from North Carolina to the town of Farmington in the vicinity of Rochester, New York in early 2010. Their older son, Cole, now ten years old, is severely disabled with cerebral palsy, and their younger son has been diagnosed with autism. Upon moving to Farmington, plaintiffs purchased a newly-constructed home located in the Auburn Meadows subdivision. Because the Town zoning ordinance applicable to their lot provided that no "accessory structures" were permitted to be installed on the premises, they successfully obtained a variance to the ordinance from the Town Board, which permitted them to erect a fence and an above-ground pool for the safety and rehabilitation of their disabled son.

Their appeal for a variance was presented to the Farmington Town Board, which passed a resolution "Granting a Temporary Accommodation to install a Fence and an Above-Ground Swimming Pool to the Owners of 1685 Lillybrook Court (or "the property") in the Auburn Meadows Subdivision, Town of Farmington, Ontario County" (the "resolution"). The resolution, recognizing the "requirements and ideals of the [FHA,] . . . approve[d,] as a temporary accommodation for Cole Austin's special needs[,] . . . the installation of a fence and an above-ground swimming pool" subject to several conditions listed therein among

which is the condition that the "fence and the above-ground swimming pool . . . be wholly removed from 1685 Lillybrook Court within 21 days of" Cole ceasing to use the home as his primary residence or plaintiffs "ceasing to be the owners . . . either by conveyance, death or any other reason." Resolution, ¶ 7(A)-(B). The removal must occur "at the expense of [plaintiffs] or of the new owners" of the premises. Resolution, ¶ 8.

Plaintiffs commenced this action, pursuant to the FHA, for injunctive and declaratory relief enjoining defendant from requiring that plaintiffs remove the fence and swimming pool when they cease to own the property or their son is no longer residing there. Plaintiffs specifically allege that the restoration provision of the resolution constitutes discrimination on the basis of their son's disability by violating their right to a reasonable modification under 42 U.S.C. § 3604(f)(3) and freedom from retaliation under 42 U.S.C. § 3617. *See* complaint, ¶ 24.

## DISCUSSION

### I. Defendant's Motion to Dismiss and Plaintiffs' motion for Summary Judgment

A. Standard of Review under Rule 12(b)(6)

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept . . . all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." *See Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In

order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See id.* at 555 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. *See Hayden v. Patterson*, 594 F.3d 150, 161 (2d Cir.2010). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *See Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir.2008)(internal quotation marks omitted).

B.   <u>Standard of Review under Rule 12(b)(1)</u>

When considering a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court must determine whether or not it has subject matter jurisdiction over the issues pending before the court. Unlike a motion made pursuant to Rule 12(b)(6), under Rule 12(b)(1) evidence outside the pleadings may be considered. *See Kamen v. A.T. & T.*, 791 F.2d 1006, 1011 (2d Cir.1986). In evaluating the complaint for jurisdictional sufficiency pursuant to

Rule 12(b)(1), the Court must accept as true all factual allegations and must draw all inferences in plaintiffs' favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999). Should the court find that jurisdiction is lacking, dismissal of the case is "mandatory." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) (internal citations omitted); *see also* Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

  C. <u>Standard of Review for Summary Judgment</u>

A motion for summary judgment should be granted if the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The motion should not be granted, however, if a reasonable jury, viewing the evidence in the light most favorable to the nonmoving party, could resolve a material issue in the nonmoving party's favor.

  D. <u>The Fair Housing Act</u>

In their complaint, plaintiffs allege that, despite allowing them to install the requested pool and fence in their backyard, defendant included a requirement that plaintiffs remove the pool and fence when their son is not longer living in the home in violation of 42 U.S.C §§ 3604 and 3617. Plaintiffs request that the Court declare defendant to be in violation of the Fair Housing Act and enjoin defendant from discriminating against them on the basis of disability by requiring to

them restore their property to its original condition when they move or their son is no longer residing in the home.

The FHA prohibits discrimination in housing against persons with disabilities, including:

> "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted."

42 U.S.C. § 3604(f)(3)(A) (1999).

A preliminary injunction may be granted where the movants demonstrate: (1) that they will suffer irreparable harm; and (2) either (a) a likelihood of success on the merits or (b) the existence of a serious question going to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70 (2d Cir.1979) (per curiam). The district court has broad discretion to grant or deny injunctive relief. *See Kapps v. Wing*, 404 F.3d 105, 122 (2d Cir.2005). The injunction should not be granted, however, "unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim" *Able v U.S*, 44 F.3d 128, 131 (2d Cir.1995).

Here, defendant asserts that plaintiffs are not entitled to injunctive and declaratory relief because (1) plaintiffs failed to

demonstrate the existence of a "case or controversy" or that their claims are "ripe" for adjudication and, therefore, (2) the pleadings fail to set forth any non-conclusory allegations. Defendant's memorandum of law, p. 10-13. Defendant argues further that although the FHA does not specifically govern the restoration of premises when the homeowners subsequently sell their home or the disabled individual moves out of the home, it "surely did not intend to punish governmental entities who grant temporary reasonable accommodations." Defendant's memorandum of law, p. 9.

First, in light of the defendant's decision "in furtherance of the requirements and ideals of the [FHA]" to allow plaintiffs to modify their premises with a pool and fence, the issue of whether the requested modification is reasonable under the FHA is moot. The question before the Court is whether plaintiffs are entitled to injunctive relief under the FHA because defendant's resolution requiring that they restore their property to its prior condition when they cease to be owners of the property or their disabled son moves out of the home imposes a burden upon plaintiffs in violation of 42 U.S.C. § 3604(f)(3).

As a preliminary matter, the Court finds that plaintiffs have standing to bring their claim under 42 U.S.C. § 3613 as "aggrieved person[s]," who believe that they "will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). Where it has been alleged that a zoning ordinance will likely be applied in a discriminatory manner, the ordinance may be challenged prior to its

application. *See generally LeBlanc-Sternberg v. Fletcher,* 67 F.3d 412, 425 (2d.Cir.1995). Further, contrary to defendant's contention, plaintiffs' claim is ripe for adjudication. It is undisputed that the resolution at issue mandates that plaintiff remove their pool and fence prior to the sale of their property. Plaintiffs are therefore not required to wait until defendant enforces this provision before bringing this action.

    E.   <u>Plaintiffs' Likelihood of Success</u>

To demonstrate the likelihood of plaintiffs' success on the merits of their claims, they need only establish that their chances of succeeding are more than negligible. The Court finds, however, that plaintiffs are not entitled to injunctive relief under the FHA enjoining defendant from requiring that they restore the property to its original condition by removing the fence and pool at such point when their son is no longer residing there or they cease to be owners of the property. The FHA "prohibits all practices that deny housing to persons on the basis of race, color, religion, sex, familial status, or national origin and applies to both intentional housing discrimination and all policies or practices which have a discriminatory effect, even absent intent." *Vaughn v. Consumer Home Mortg., Inc.*, 293 F.Supp.2d 206, 211 (E.D.N.Y.2003), *aff'd*, 297 Fed.Appx. 23 (2d Cir.2008).

To succeed in showing a violation of § 3604, plaintiffs must establish disparate treatment, that their son's disability was, in some part, the basis for defendant's action in requiring them to

restore the property, or that defendant's action produced a differential impact or effect on disabled individuals. *See Huntington Branch, N.A.A.C.P. v. Town of Huntington*, 844 F.2d 926, 935 (2d Cir.1988), *aff'd on other grounds*, 488 U.S. 15 (1988), *reh'g denied*, 488 U.S. 1023 (1989). Here, there are simply no facts alleged that evince a discriminatory intent in requiring that plaintiffs restore their property to its original condition once the need for the modifications is no longer present, particularly since the variance permits an above-ground pool with protective fencing, which is much less costly for removal than an in-ground pool. Plaintiffs fail to support, beyond their conclusory assertions, that requiring them to bare the cost of the removal of the fence and pool is in some way based on their son's disability when the initial grant of a variance to build the pool along with a fence was granted knowing that plaintiffs' son was disabled.

The Court further finds that plaintiffs have not sufficiently alleged a violation of the FHA under the disparate-impact analysis. A prima facie case of disparate impact requires a showing that defendant's conduct has a greater impact on disabled housing applicants than on non-disabled ones. *See Cason v. Rochester Housing Authority*, 748 F.Supp. 1002, 1007 (W.D.N.Y.1990). Here, there has been no showing that the restoration requirement does not apply to non-disabled individuals.

Moreover, defendant's refusal to remove the restoration condition does not constitute a refusal to make a reasonable accommodation for

plaintiffs' disabled son in its zoning policy. *See, e.g., Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir.1995). Plaintiffs sought defendant's permission to make modification of their property by expressly requesting a variance in the application of the zoning policy requirements applicable to 1685 Lillybrook Court. Under the FHA, discrimination on the basis of disability includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B); *see also Bangerter*, 46 F.3d at 1501. A "reasonable accommodation" has been defined as "'changing some rule that is generally applicable so as to make its burden less onerous on the [disabled] individual.'" *Bangerter*, 46 F.3d at 1501, quoting *Oxford House, Inc. v. Township of Cherry Hill*, 799 F.Supp. 450, 462 n. 25 (D.N.J.1992). Here, plaintiffs did not challenge defendant's applicable zoning policy, or the variance that they have been granted, except for the specifically-directed condition imposed by the Town Board in granting the variance that plaintiffs restore their property to its original condition. Consequently, plaintiffs have failed to state a claim for discrimination under either § 3604(f)(3)(A) or (B).

Because the complaint alleges neither an intent to discriminate, nor facts sufficient to constitute disparate-impact discrimination under the FHA, or that plaintiffs were excluded from purchasing or using the housing of their choice because of the restoration requirement contained in the variance granting their requested

modifications based upon their child's disability, the Court grants defendant's motion to dismiss the complaint.

## CONCLUSION

For the reasons set forth above, the Court denies plaintiffs' motion for summary judgment and grants defendant's motion dismissing the complaint in its entirety with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        s/Michael A. Telesca

                                    MICHAEL A. TELESCA
                                 United States District Judge

Dated:     Rochester, New York
           June 8, 2015